IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**SCOULAR COMPANY**                                                                **PLAINTIFF**

vs.                                              **2:09CV00061-WRW**

**DJCB FARM PARTNERSHIP**                                            **DEFENDANT**

## ORDER

Pending is Defendant's Motion to Transfer Case (Doc. No. 6) and Plaintiff's Motion to Remand (Doc. No. 9). Each party has responded[1] and Plaintiff has replied.[2] For the reasons set out below, Defendant's Motion is GRANTED and Plaintiff's Motion is DENIED.

**I.      BACKGROUND**

Plaintiff originally filed suit in the District Court of Douglas County, Nebraska.[3] Defendant removed the case to the United States District Court for the Eastern District of Arkansas.[4] Defendant's notice of removal reads, in part: "this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332."[5] Defendant's Notice also states that venue in this Court is proper under 28 U.S.C. §§ 1391(a) and (b).[6]

---

[1] Doc. Nos. 11, 12.

[2] Doc. No. 18.

[3] Doc. No. 2.

[4] Doc. No. 1.

[5] *Id.*

[6] *Id.*

1

On June 16, 2009, Defendant filed a Motion to Transfer Case,[7] acknowledging that it erred in removing the case to the Eastern District of Arkansas, and asking the Court to transfer this action to the District of Nebraska.

On June 30, 2009, Plaintiff both responded to Defendant's Motion to Transfer and filed a Motion to Remand and Request for Sanctions.[8] Plaintiff contends that remanding the case under 28 U.S.C. § 1447(c) -- not transferring the case -- is the correct way to cure Defendant's error.[9]

## II.  DISCUSSION

### A.  Venue

Venue is generally governed by 28 U.S.C. § 1391, which provides that a civil action in which federal jurisdiction is based solely on diversity may be brought

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial party of property this is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is not district in which the action may otherwise be brought.[10]

Removal to federal court of a case originally filed in state court is governed by 28 U.S.C. § 1441. Under that statute,

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[11]

---

[7]Doc. No. 6. The Court treats the Motion as pursuant to 28 U.S.C. 28 § 1406(a).

[8]Doc. Nos. 9, 11.

[9]Doc. No. 10.

[10]28 U.S.C. § 1391(a).

[11]28 U.S.C. § 1441(a).

The United States Supreme Court has held that the general venue provisions of 28 U.S.C. § 1391 do not apply to an action that has been removed.[12] When a case has been removed, venue is governed by 28 U.S.C. § 1441.[13] Under 28 U.S.C. § 1441(a), it is possible to transfer venue in action that has been removed, pursuant to the provisions of 28 U.S.C. § 1404(a)[14] and 28 U.S.C. § 1391(a) taken together. In other words, a diversity case that has been removed may be transferred to any venue that lies where the diversity case could have originally been filed.

It appears from the face of the Complaint that diversity jurisdiction exists in this case under 28 U.S.C. § 1332.[15] Defendant assumed that the venue requirements for diversity cases found in 28 U.S.C. § 1391 conflicted with the provisions 28 U.S.C. § 1441, and, thus, Defendant removed to a district court where venue could have been proper under 28 U.S.C. § 1391(a).[16] Defendant's assumption was incorrect, and the case was improperly removed to the Eastern District of Arkansas -- rather than to the District of Nebraska where the case was pending in state court.

---

[12]*Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953).

[13]*Id.*

[14]28 U.S.C. § 1404(a) provides: For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

[15]According to the Complaint, Plaintiff is a Nebraska corporation, Defendant is an Arkansas partnership, and the amount in controversy is $883,782.18. (Doc. No. 2).

[16]Doc. No. 20.

**B.      Remand or Transfer**

Defendant urges that this case be transferred to the District of Nebraska, and cites *Peterson v. BMI Refractories*[17] and *Kreimerman v. Casa Veerkamp, S.A. de C.V.*[18] to support its position. In *Peterson*, the Eleventh Circuit Court of Appeals found that a procedural defect in the removal of a case did not deprive the court of subject matter jurisdiction.[19] In *Kreimerman*, the Fifth Circuit Court of Appeals reasoned that even though the case had been removed to the wrong division, the district court had subject matter jurisdiction based on diversity, which made the improper removal "more akin to an improper venue situation than to one in which there is an actual jurisdictional defect."[20] The case was remanded to the district court with instructions for the district court to transfer the action.[21]

Plaintiff asserts that this case should be remanded to the District Court for Douglas County, Nebraska.[22]  Section 1447(c) requires remand when subject matter jurisdiction is lacking, but the statute is unclear whether remand is mandatory with respect to procedural defects. The uncertainty arises because § 1447(c) discusses remand for both procedural and jurisdictional defects, yet the second sentence of that section directs that remand is required only in connection with lack of subject matter jurisdiction: "If at any time before final judgment it

---

[17]124 F.3d 1386 (11th Cir. 1997).

[18]22 F.3d 634 (5th Cir. 1994).

[19]*Peterson v. BMI Refractories*, 124 F.3d 1386, 1391, 1394 (11th Cir. 1997).

[20]*Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

[21]*Id.*

[22]Doc. No. 10.

appears that the district court lacks subject matter jurisdiction, the case shall be remanded." While it appears that remand is discretionary for procedural defects, the Circuits are split on this point.[23] Apparently, the Eighth Circuit has not decided a case in which the issue on appeal is whether remand is mandatory under § 1447(c) for procedural defects in removal.

Plaintiff quotes *Transit Casualty Company v. Certain Underwriters at Lloyd's of London*[24] in support of its position that a district court must remand a case when a party timely raises a defect in the removal procedure.[25]  In *Transit Casualty Company*, remand was based on a lack of subject matter jurisdiction, not on a procedural defect, and the issue in the case was whether the Eighth Circuit Court of Appeals had jurisdiction to review the district court's order to remand.[26] In discussing whether it had jurisdiction to review the remand order, the Court of Appeals cited 28 U.S.C. § 1447(c) and stated: "the district court must remand the case if any defect in removal procedure is timely raised."[27]  In *St. John v. International Ass'n of Machinists & Aero. Workers*,[28] another case in which the issue was the jurisdiction of the Eighth Circuit Court of Appeals to review a district court's order to remand, the Court of Appeals wrote: "Section 1447(d) is limited to remand order issued under § 1447(c), the statute requiring remand

---

[23]Compare *In re Medscope Marine, Ltd.*, 972 F.2d 107 (5th Cir. 1992) with *Page v. City of Southfield*, 45 F.3d 128 (6th Cir. 1995) (no remand required .

[24]119 F.3d 619, 623 (8th Cir. 1997).

[25]Doc. No. 10.

[26]119 F.3d 619, 625 (8th Cir. 1997).

[27]*Id*. at  623 (8th Cir. 1997). Because this case did not deal directly with the issue of whether remand was required for procedural defects, the language quoted above -- as it pertains to procedural defects -- appeared to be a passing comment.

[28]139 F.3d 1214 (8th Cir. 1998).

when the district court lacks subject matter jurisdiction or the removal was procedurally defective."[29]

Because the issue on appeal in both *Transit Casualty Company* and *International Ass'n of Machinists & Aero. Workers* was not whether remand was required under § 1447(c) for procedural defects in removal, the language quoted above from both cases -- as it pertains to procedural defects -- appeared to be more of a passing comment than the Court of Appeals setting out a rule of law on that specific issue.

Generally, if the procedure for removing a case is defective, "the preferred result seems to be to continue to allow procedural defects to be cured so the removed action can remain in federal court. A contrary conclusion does not seem consistent with the statutory character of the removal right and seems too technical."[30] As pointed out in *Ullah v. FDIC*, "Improper removal to this district of a state court case pending [elsewhere] does not compel remand of the case to the state court so that it can then be removed to the [proper] District. That would bring about additional delay and expense while serving no useful purpose."[31]

Under the reasoning in *Kreimerman*, I find that the removal of this case to the Eastern District of Arkansas was a procedural defect that does not deprive the Court of subject matter

---

[29]*Id*. at 1216.

[30]14C C. Wright & Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE 3d §3739, n.41 (1998). See *Id*. at §3726, n.8, 9 (1998). See also: *Ullah v. FDIC*, 852 F. Supp. 218 (S.D.N.Y. 1994); *Woo Won Lee v. Thomas Tours & GSA Inc*., No. C-97-02843 VRW, 1997 U.S. Dist. Lexis 15324 (Sept. 30, 1997 N.D. Cal.) (both cases recognizing the district court's ability to transfer rather than remand.)

[31]852 F. Supp. 218, 221 (S.D.N.Y. 1994) (denying remand of case removed to the wrong district).

jurisdiction. I further find that remand for a procedural defect under 28 U.S.C. § 1447(c) is discretionary, not mandatory.

A district court may cure improper venue by transferring or dismissing the case pursuant to the provisions of 28 U.S.C. § 1406(a), which reads:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. [32]

Pursuant to 28 U.S.C. § 1406(a), this case is transferred to the United States District Court for the District of Nebraska.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to Transfer (Doc. No. 6) is GRANTED. Plaintiff's Motion to Remand (Doc. No. 9) is DENIED.

IT IS SO ORDERED this 24th day of July, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[32] 28 U.S.C. § 1406(a).